**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 20-22588-CIV-WILLIAMS**

STEPHEN D. LEONARD,

      Plaintiff,

vs.

SUNTEX MARINA INVESTORS, LLC., *et al.*

      Defendants.

_____/

## ORDER DISMISSING CASE

**THIS MATTER** is before the Court upon a *sua sponte* review of the Complaint (DE 1) and Plaintiff Stephen D. Leonard's motion to proceed *in forma pauperis* (DE 4). The Court has carefully reviewed the Complaint and the Motion. Leonard, proceeding *pro se* and *in forma pauperis*, filed a Complaint against numerous defendants, including Suntex Marina Investors, LLC., Bill Galloway, Kristen Galloway, Laura Gilham, Johnny Powers, and Bryan Redmond. (DE 1). In the three-page Complaint, Plaintiff asserts a claim of employment discrimination under § 7 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (1964). (*Id.*) Attached to the Complaint are emails to Defendants as well as emails to an attorney who declined to represent Plaintiff. (*Id.*) In these emails, Plaintiff alleges that he is being subjected to political repression; he explains that he once stole a boat to seek asylum in Cuba after multiple legal filings and appeals in the United States[1] and appeals to the United Nations and the Holy See in Rome were rejected. (DE 1, Exh. B). Although

---

[1] *See e.g.*, *In re Leonard*, 140 S. Ct. 948 (2020), *reconsideration denied*, No. 19-6874, 2020 WL 1978944 (U.S. Apr. 27, 2020); *Leonard v. Fla.*, 732 F. App'x 859, 860 (11th Cir. 2018); *Leonard v. Hicks*, No. 20-cv-10005-JLK (S.D. Fla. Jan. 22, 2020).

Plaintiff states that he was not hired by Defendants because of his failure to pass a background check (*Id.*), he has failed to set forth any well-pleaded factual allegations in support of his claim of employment discrimination.  (*Id.*)

Because Plaintiff seeks to proceed *in forma pauperis*, the screening provisions of 28 U.S.C. § 1915(e) are applicable to this matter.  Pursuant to that statute, courts are permitted to dismiss a suit "any time [ ] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are governed by the same standard as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); s*ee also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a complaint may survive a Rule 12(b)(6) motion to dismiss only if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)"); *Ashcroft v. Iqbal*, 555 U.S. 662, 678-79 (2009) (explaining that a court need not accept legal conclusions as true and that only well-pleaded factual allegations are entitled to an assumption of truth).  Although *pro se* pleadings are held to a less stringent standard and construed liberally, *see Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), a *pro se* complaint must satisfy the basic pleading requirements of applicable law and the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Upon review, the Court finds that Plaintiff has failed to state a claim even under the relaxed pleading standard afforded to *pro se* litigants.  *See Abele v. Tolbert*, 130 F.

App'x 342, 343 (11th Cir. 2005).   Even construing the Complaint most liberally, the pleading is deficient under Federal Rule of Civil Procedure 8(a).   *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[T]he *pro se* litigant must still meet minimal pleading standards."). Specifically, the Complaint does not sufficiently allege any facts substantiating his claims of employment discrimination on any basis protected by Title VII of the Civil Rights Act of 1964.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1)     Plaintiff's Complaint (DE 1) is **DISMISSED WITHOUT PREJUDICE**.

(2)     All pending motions are **DENIED AS MOOT**.

(3)     The Clerk of Court is directed to **CLOSE** the case.

**DONE AND ORDERED** in chambers in Miami, Florida, this 30th day of June, 2020.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

CC:
Stephen Daniel Leonard
945 5th Street
Miami Beach, FL 33139